**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EXC, Inc., a Nevada corporation, d/b/a) Express Charters and D.I.A. Express, Inc.;) Conlon Garage, Inc., a Colorado) corporation; Go Ahead Vacations, Inc., a) Massachusetts corporation; Russell J.) Conlon, and; National Interstate Insurance) Company, ) ) Plaintiffs, ) ) vs. ) ) Jamien Rae Jensen, individually, and as) parent and next friend of D. J. J., and as) Personal Representative of the Wrongful) Death Estate of Corey Johnson; Chavis) Johnson, individually, and as Personal) Representative of the Wrongful Death) Estate of Butch Corey Johnson; Margaret) Johnson and Frank Johnson, individually,) and as parents and next friends of H. J. and) D. J.; Francesca Johnson, individually;) Justin Johnson, individually; Raymond) Jensen, Sr., individually; Louise R. Jensen,) individually; Nicole Jensen, individually;) Ryan Jensen, individually; Justin Jensen,) individually; Katrina Jensen, individually;) Raymond Jensen, Jr., individually, and;) Murphy Jensen, individually, ) ) Defendants. ) ) | Case No. 10-08197-PCT-JAT **ORDER** |

Pending before the Court are: the Jensen Defendants' Motion to Dismiss without prejudice (Doc. 66), the Navajo Defendants' Joinder in the Motion to Dismiss without

Prejudice (Doc. 70), and the Jensen Defendants' Motion to Extend the Discovery Closure Date and Dispositive Motions Deadline (Doc. 68). The Court now rules on these motions.

**I.   BACKGROUND**

The issues in this case arise out of an automobile accident that occurred on September 21, 2004. (Doc. 58 at ¶ 2). The collision occurred when a tour bus, operated by Plaintiff Russell J. Conlon, collided with a 1997 Pontiac Sedan on U.S. Highway 160 on the western edge of the Kayenta Township in Kayenta, Arizona. (*Id.*). The occupants of the Sedan were all members of the Navajo Nation. (*Id.* at ¶ 3).

Plaintiffs are Go Ahead Vacations, a Massachusetts corporation, EXC, Inc., a Nevada Corporation, Russell J. Conlon, a resident of Colorado, Conlon Garage, Inc., a Colorado corporation, and National Interstate Insurance Company, a foreign insurer. (*Id.* at ¶¶ 7-12). Russell J. Conlon is not a resident or a member of the Navajo Nation. (*Id.* at ¶ 33).

Defendants Jamien Ray Jensen, Justin Johnson, Raymond Jensen, Sr., Louise R. Jensen, Chavis Johnson, Francesca Johnson, Nicole Jensen, Ryan Jensen, Justin Jensen, Katrina Jensen, Murphy Jensen, Raymond Jensen, Jr., Margaret Johnson, and Frank Johnson (collectively "the Litigation Defendants") are all members of the Navajo Nation. The other named Defendants are the Navajo Nation, the Kayenta District Court, the Navajo Nation Supreme Court, and Judge Jennifer Benally (collectively "the Navajo Court Defendants"). (*Id.* at ¶¶ 12-22).

On August 12, 2006, the Litigation Defendants filed claims in negligence against Plaintiffs in the Kayenta District Court. (*Id.* at ¶ 36). Plaintiffs filed a Motion to Dismiss based on lack of jurisdiction, which the Kayenta District Court denied. (*Id.* at ¶ 37). Plaintiffs then filed a Writ of Prohibition with the Navajo Supreme Court seeking to prevent the Kayenta District Court from proceeding based on lack of subject matter jurisdiction. (*Id.* at ¶ 38). The Navajo Supreme Court affirmed, holding that the Kayenta District Court had jurisdiction. (*Id.* at 39).

Plaintiffs then filed this case seeking (1) a declaratory judgment that the Kayenta District Court lacks jurisdiction to hear the Litigation Defendants' claims (*Id.* at ¶¶ 41-44)

1 and (2) an injunction barring the Litigation Defendants from proceeding with their claims in Kayenta District Court. (*Id.* at ¶¶ 46-49).

Defendants move to dismiss Plaintiffs' Complaint without prejudice based on Plaintiffs' alleged failure to exhaust tribal court remedies. In the alternative, Defendants request that the Court stay the action until Plaintiffs have exhausted their tribal court remedies.

## II. ARGUMENT

Defendants argue that Plaintiffs have failed to exhaust their remedies in Kayenta District Court because they made a facial, rather than factual attack on jurisdiction in Kayenta District Court. A facial attack on jurisdiction is an attack on the sufficiency of the allegations in the complaint itself. *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). On such a motion, the court accepts factual allegations of the complaint as true and only determines whether Plaintiffs have sufficiently alleged subject matter jurisdiction. *See id.* On the other hand, when there is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to Plaintiffs' factual allegations, and matters outside the pleadings, such as testimony and affidavits, may be considered by the court. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Defendants argue that, to exhaust their jurisdictional requirement, it is crucial for Plaintiffs to make a factual attack on jurisdiction in Kayenta District Court to allow the Kayenta District Court to make factual findings as to whether it has jurisdiction because this Court must defer to factual findings made in that court when reviewing its jurisdictional decision.

## III. LEGAL STANDARD AND ANALYSIS

### A. Rule Governing a Motion to Dismiss for Failure to Exhaust

As an initial matter, the Court notes that Defendants have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). On a 12(b)(6) motion to dismiss, the court is required to accept all factual allegations in the complaint as true. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). However, to decide whether Plaintiffs have exhausted their

- 3 -

remedies in the Kayenta District Court, this Court must necessarily consider facts outside the pleadings. Accordingly, the Court will treat this as an unenumerated 12(b) motion. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) ("the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated motion to dismiss."). On such a motion, "the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. Defendants have the burden of raising and proving non-exhaustion of the claims. *Id.* at 1113.

### B. Whether Plaintiffs are Required to Exhaust their Remedies in Kayenta District Court

Ordinarily, "a federal court should stay its hand until after the Tribal Court has had a full opportunity to determine its own jurisdiction." *Strate v. A-1 Contractors*, 520 U.S. 438, 449 (1997) (internal quotation omitted); *see Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985) ("policy favors a rule that will provide the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge"). However, exhaustion is not required "where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Strate*, 520 U.S. at 1411 (*quoting Nat'l Farmers*, 471 U.S. at 856, n. 21).

Plaintiffs argue that this case meets two of the exceptions to exhaustion: (1) the action is patently violative of express jurisdictional prohibitions because the U.S. Supreme Court has expressly ruled that tribal courts have no jurisdiction in this type of case; and (2) exhaustion would be futile because the tribal court has already ruled on a facial challenge in this case and "there is no reason to believe" that a factual challenge "would change their mind." (Doc. 73 at 4). The Court agrees that a factual attack on jurisdiction in the Kayenta District Court would be futile.

In *Enlow v. Moore*, a boundary dispute arose between members of the Muscogee Creek Nation and a non-member owner of adjoining land. 134 F. 3d 993, 994 (10th Cir.

- 4 -

1 1998). The members filed a quiet title action against the non-member in Muscogee Nation
2 Tribal Court. *Id.* The non-member then filed a motion to dismiss, arguing the court lacked
3 subject matter jurisdiction. *Id.* When the tribal court denied the motion, the non-member
4 filed an interlocutory appeal to the Supreme Court of the Muscogee Nation, which affirmed
5 the tribal court's decision. *Id.* at 994-995. The non-member then brought an action in the
6 District Court for the Northern District of Oklahoma seeking an injunction barring the tribal
7 trial court from proceeding based on lack of subject matter jurisdiction. *Id.* at 995. The
8 members filed a motion to dismiss arguing that the non-member had failed to exhaust his
9 tribal court remedies. *Id.* The district court dismissed the case, concluding that tribal
10 remedies had not been exhausted because the tribal court had yet to develop a factual record
11 regarding the location of the disputed boundary line. *Id.* The non-member then appealed to
12 the Tenth Circuit Court of Appeals. *Id.*

13 The court of appeals agreed with the district court that the determination of whether
14 tribal courts have subject matter jurisdiction over non-Indians in civil cases should first be
15 conducted in the tribal court, but reversed the district court's determination that the non-
16 member had failed to exhaust his tribal court remedies. *Id.* The court of appeals held that
17 the non-member's remedies had been exhausted in tribal court because the record
18 demonstrated that the Supreme Court of the Muscogee Nation made the necessary factual
19 determinations to allow for district court review. *Id.* at 996. Although the court of appeals
20 recognized that review by the district court would be more difficult because the tribal trial
21 court had yet to hear the merits of the case and no factual record had yet been developed, it
22 reasoned that it could not "ignore the clear language of the tribal supreme court's opinion"
23 and that, because the tribal trial court would be bound by the opinion of the tribal supreme
24 court, any factual attack on jurisdiction in the tribal trial court would be futile. *Id.*

25 The procedural posture of this case mirrors that in *Enlow*. In *Enlow*, the court of
26 appeals determined that it would be futile for the tribal trial court to hear the merits of the
27 case because the Supreme Court of the Muscogee Nation had already made the necessary
28 factual determinations for the district court to review. In this case, Defendants argue that the

Kayenta District Court still needs to make factual determinations as to (1) whether the State of Arizona or the Navajo Nation controls the highway where the accident in this case occurred, (2) whether Plaintiffs entered into a consensual relationship with the Navajo Nation, and (3) the Navajo Nation's regulatory jurisdiction over commercial touring activities that take place on roadways within the Navajo Reservation's boundaries. (Doc. 70 at 8).

Like the Muscogee Nation Supreme Court in *Enlow*, in this case, the Navajo Nation Supreme Court made various specific findings supporting its conclusion that the Kayenta District Court has subject matter jurisdiction in this case. With regard to Defendants' arguments, the Navajo Nation Supreme Court both decided and made factual determinations on its decisions in all three of the areas in which Defendants argue the Kayenta District Court still needs to make factual determinations. The Navajo Nation Supreme Court found that the highway where the accident occurred "is within the exclusive regulatory control of the Navajo Nation and is within our territorial jurisdiction as defined by Navajo Nation and U.S. Statutes." Doc. 70-1 at 14. The court went on to provide a lengthy factual basis for this finding. *See id.* at 14-18. The Court also found that Plaintiffs entered into a consensual relationship with the Navajo Nation through its touring activities and provided a lengthy factual basis for that finding. *See id.* at 6 ("[t]his Opinion will, by necessity, contain some lengthy discussion on the nature of Petitioner's activities within the Navajo Nation."); *id.* at 7-11, 14.

Like the court of appeals in *Enlow*, this Court cannot ignore the clear language of the Navajo Nation Supreme Court's opinion and assumes that the Kayenta District Court would be bound by the opinion of its supreme court. Thus, further factual findings by the Kayenta District Court would be futile. Moreover, because the Navajo Nation Supreme Court considered matters outside the pleadings,[1] it did consider Plaintiffs' attack on jurisdiction to

---

[1] Although it did not conduct an evidentiary hearing, the Navajo Nation Supreme Court considered declarations by both parties, along with documents, affidavits, pleadings,

- 6 -

1 be a factual attack, making any further factual attack unnecessary. Therefore, requiring
2 Plaintiffs to further exhaust their jurisdictional argument in the Kayenta District Court would
3 be futile.

4 Accordingly,

5 **IT IS ORDERED** that the Litigation Defendants' Motion to Dismiss (Doc. 66) and
6 the Navajo Court Defendants' Joinder in the Motion to Dismiss (Doc. 70) are denied.

7 **IT IS FURTHER ORDERED** that the Jensen Defendants' Motion to Extend the
8 Discovery Closure Date and Dispositive Motions Deadline (Doc. 68) is granted in part and
9 denied in part as follows:

10 **IT IS ORDERED** that the deadline to file dispositive motions be extended to
11 February 27, 2012.

12 **IT IS FURTHER ORDERED** that the parties shall file a joint copy of the record
13 submitted to the Navajo Nation Supreme Court by November 30, 2011. If either party can
14 show cause as to why that record is inadequate, that party may file a motion to extend the
15 discovery deadline concurrently with the joint copy of that record. In all other respects, the
16 Motion to Extend the Discovery Closure Date and Dispositive Motions Deadline (Doc. 68)
17 is denied.

18 DATED this 2nd day of November, 2011.

_____
James A. Teilborg
United States District Judge

---

28 and orders from the trial court that were attached to the declarations. *See* Doc. 70 at 5.

- 7 -