**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EXC, Inc., a Nevada corporation, d/b/a) Express Charters and D.I.A. Express, Inc.;) Conlon Garage, Inc., a Colorado) corporation; Go Ahead Vacations, Inc., a) Massachusetts corporation; Russell J.) Conlon, and; National Interstate Insurance) Company, ) ) Plaintiffs, ) ) vs. ) ) ) Jamien Rae Jensen, individually, and as) parent and next friend of D. J. J., and as) Personal Representative of the Wrongful) Death Estate of Corey Johnson; Chavis) Johnson, individually, and as Personal) Representative of the Wrongful Death) Estate of Butch Corey Johnson; Margaret) Johnson and Frank Johnson, individually,)) and as parents and next friends of H. J. and) D. J.; Francesca Johnson, individually;) Justin Johnson, individually; Raymond) Jensen, Sr., individually; Louise R. Jensen,) individually; Nicole Jensen, individually;) Ryan Jensen, individually; Justin Jensen,) individually; Katrina Jensen, individually;) Raymond Jensen, Jr., individually, and;) Murphy Jensen, individually, ) ) Defendants. ) ) | Case No. CV 10-08197-PCT-JAT<br><br>**ORDER** |

Pending before the Court is the Jensen Defendants' Motion to Extend the Discovery Disclosure Date and Dispositive Motion Deadline (Doc. 84).

## I. BACKGROUND

The issues in this case arise out of an automobile accident that occurred on September 21, 2004. (Doc. 58 at ¶ 2). The collision occurred when a tour bus, operated by Plaintiff Russell J. Conlon, collided with a 1997 Pontiac Sedan on U.S. Highway 160 on the western edge of the Kayenta Township in Kayenta, Arizona. (*Id.*). The occupants of the Sedan were all members of the Navajo Nation. (*Id.* at ¶ 3).[1] No Plaintiff is a member of the Navajo Nation.[2]

On August 12, 2006, the Jensen Defendants filed claims in negligence against Plaintiffs in the Kayenta District Court. (*Id.* at ¶ 36). Plaintiffs filed a Motion to Dismiss based on lack of jurisdiction, which the Kayenta District Court denied. (*Id.* at ¶ 37). Plaintiffs then filed a Writ of Prohibition with the Navajo Supreme Court seeking to prevent the Kayenta District Court from proceeding based on lack of subject matter jurisdiction. (*Id.* at ¶ 38). The Navajo Supreme Court affirmed, holding that the Kayenta District Court had jurisdiction. (*Id.* at 39).

Plaintiffs then filed this case seeking (1) a declaratory judgment that the Kayenta District Court lacks jurisdiction to hear the Jensen Defendants' claims (*Id.* at ¶¶ 41-44) and (2) an injunction barring the Jensen Defendants from proceeding with their claims in Kayenta District Court. (*Id.* at ¶¶ 46-49).

Defendants then moved to dismiss Plaintiffs' Complaint without prejudice based on

---

[1] Defendants Jamien Ray Jensen, Justin Johnson, Raymond Jensen, Sr., Louise R. Jensen, Chavis Johnson, Francesca Johnson, Nicole Jensen, Ryan Jensen, Justin Jensen, Katrina Jensen, Murphy Jensen, Raymond Jensen, Jr., Margaret Johnson, and Frank Johnson (collectively "the Jensen Defendants") are all members of the Navajo Nation. The other named Defendants are the Kayenta District Court, the Navajo Nation Supreme Court, and Judge Jennifer Benally (collectively "the Navajo Court Defendants"). (*Id.* at ¶¶ 12-22).

[2] Plaintiffs are Go Ahead Vacations, a Massachusetts corporation, EXC, Inc., a Nevada Corporation, Russell J. Conlon, a resident of Colorado, Conlon Garage, Inc., a Colorado corporation, and National Interstate Insurance Company, a foreign insurer. (*Id.* at ¶¶ 7-12). Russell J. Conlon is not a resident or a member of the Navajo Nation. (*Id.* at ¶ 33).

Plaintiffs' alleged failure to exhaust tribal court remedies. This Court denied Defendants' Motion to Dismiss finding that requiring Plaintiffs to further exhaust their jurisdictional requirement in Kayenta District Court would be futile. (Doc. 80).

## II. ARGUMENT

The Jensen Defendants now seek to extend the discovery and dispositive motion deadlines, arguing that they need to conduct additional discovery before anticipated motions for summary judgment are filed with the Court. Although the parties have stipulated to facts for purposes of motions for summary judgment and the Court is in possession of the full record before the Kayenta District Court and Navajo Supreme Court,[3] the Jensen Defendants argue that additional discovery is necessary before this Court can decide motions for summary judgment on the jurisdictional issue.

Specifically, the Jensen Defendants argue that additional discovery is necessary on the following facts:

- the vast size of the Navajo Nation
- the number of miles of public roadways traversing the Reservation
- the ration of uniformed police officers to the Reservation's population
- the Nation's need for economic development
- the scope of tourism on the Navajo Nation
- the number of tourists who visit the Nation annually
- the importance of tourism to the economic development of the Navajo Nation
- the risks that tourism poses to persons and property on the Navajo Nation
- the number of visits EXC Plaintiffs have made to Navajo Nation
- the general safety record of the EXC Plaintiffs in conducting their touring businesses
- the need to regulate tourism on the Navajo Nation
- the availability of remedies and methods of dispute resolution on the Navajo Nation

---

[3] Docs. 81, 82, and 83.

- the statistics showing the evenhandedness of the Navajo judicial system
- the intent, purpose, and understanding of the Secretary of the Interior or the Secretary's designated representative in granting the right-of-way whose status is at issue in this case
- an insurance policy carried by the EXC Plaintiffs on the date of the accident

First, it is entirely unclear to the Court why this discovery could not have taken place between the Court's scheduling Order of February 14, 2011 and the August 1, 2011 discovery deadline. Although the Jensen Defendants assert that the Court should liberally consider this request for extension because the Navajo Nation Court Defendants were not properly joined until after the Rule 16 Scheduling Conference, the Court clearly stated in its Order of February 17, 2011 that "newly added Defendants are admonished that they will be bound by all deadlines in the scheduling order unless, within 20 days from when they are served, one of them moves for a supplemental Rule 16 scheduling conference." (Doc. 57 (emphasis in original)). It appears from the Docket that all Defendants were served by February 28, 2011 and the Jensen Defendants have offered no explanation as to why discovery could not have been conducted between February 28, 2011 and the August 1, 2011 discovery cutoff. Rather, the Jensen Defendants waited until the August 1, 2011 discovery deadline arrived and then filed a motion for extension of the discovery deadline, with no explanation as to their delay.[4]

Further, its appears that much of the information the Jensen Defendants seek is a matter of public record and the Court is unaware of anything preventing the Jensen Defendants from obtaining such information and requesting the Court to take judicial notice of such information.

Moreover, although the Jensen Defendants do not specify any method for conducting the additional discovery they seek, it appears to the Court that the only information the Jensen Defendants seek to obtain from Plaintiffs concerns (1) an insurance policy carried by

---

[4] Neither Party filed anything with the Court regarding discovery after February 28, 2011, when the Jensen Defendants filed their notice of service of initial disclosures.

- 4 -

1  the EXC Plaintiffs on the date of the accident and (2) information regarding the number of
2  visits EXC Plaintiffs have made to Navajo Nation and the general safety record of the EXC
3  Plaintiffs in conducting their touring businesses.  The Court makes no determination
4  regarding the relevancy of such information to the jurisdictional issue currently before the
5  Court.  However, the EXC Plaintiffs have stated, in their response to the Jensen Defendants'
6  request for additional discovery, that they will provide the Jensen Defendants with a copy
7  of that policy.  It appears to the Court that the other information the EXC Defendants are
8  seeking could be obtained through interrogatories.

9        Accordingly, the Court will reopen discovery solely to allow the Jensen Defendants
10 to serve interrogatories on Plaintiffs pursuant to Rule 33 of the Federal Rules of Civil
11 Procedure.  Such a request shall be served within 10 days of the date of this Order and
12 answers or objections to such a request shall be served within 10 days after such service.  The
13 current deadline to file dispositive motions will remain in effect.

14       **III.   CONCLUSION**

15       Accordingly,

16       **IT IS ORDERED** the Jensen Defendants' Motion to Extend the Discovery Disclosure
17 Date and Dispositive Motion Deadline (Doc. 84) is denied in part and granted in part as
18 follows:

19       The Jensen Defendants may serve interrogatories on Plaintiffs pursuant to Rule 33 of
20 the Federal Rules of Civil Procedure within 10 days of the date of this Order.  Any answers
21 or objections to such a request shall be served within 10 days after such service.  The
22 deadline of February 27, 2012 to file dispositive motions remains in effect.

23       **IT IS FURTHER ORDERED** that, **in the event of a discovery dispute, the parties**
24 **shall jointly contact the Court via conference call to request a telephonic conference**
25 **prior to filing any written discovery motions**.  The parties shall **not** contact the Court
26 regarding a discovery dispute unless they have been unable to resolve the dispute themselves
27 after personal consultation and sincere efforts to do so.  The parties shall **not** file any written
28 materials related to a discovery dispute without express leave of Court.  If the Court does

- 5 -

order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Civil Local Rule 7.2(j).

DATED this 11th day of January, 2012.

_____
James A. Teilborg
United States District Judge